WIGGINTON, Judge
Appellants, as members of the Board of County Commissioners of Santa Rosa County, brought suit for a declaratory decree to determine the County’s liability for the payment of statutory fees accruing in certain criminal cases handled by the County Judge. Final decree was entered for the appellee and the Board has appealed.
The fees in question are for services rendered by the County Judge in certain criminal cases instituted in his court, in which appearance bonds have been es-treated and the cases dismissed. In each such case the defendant posted an appearance bond but failed to appear on the date set for trial; and in no case was there a motion by the prosecuting attorney for the issuance of an alias capias. Judgment, executed under the hand and seal of the County Judge, was entered by which it was ordered that the defendant’s cash bond be estreated and the case dismissed.
The pertinent statute provides that the county judge shall receive as fees for all services performed by him in any criminal action the sum of $7.50, which fee shall be *491 considered as earned upon the entry of a “final judgment order.”[1]
The appellant Board contends that the words “final judgment order” contained in the statute must be read in pari materia with the unrelated section of our statute on criminal procedure which provides that the term “judgment” means an adjudication by a court that a defendant is either guilty or not guilty.[2] It is urged that an order dismissing a criminal case, following the estreature of an appearance bond, is not such a “final judgment order” as was contemplated by the statute, and that it was not the intent of the Legislature that a fee be paid in such cases. Also the authority of a county judge to enter an order of dismissal under the circumstances here involved is questioned.
Had the Legislature intended that a county judge be compensated for services rendered in criminal cases only after the entry of a judgment of guilt or innocence, it seems to us it would have so provided in clear and unmistakable language. Having employed the hybrid term “final judgment order”, it must be concluded that it was intended to allow compensation in any case disposed of by the entry of an appropriate judgment or order clearing the case from the court’s docket and signifying an end to further judicial labor therein.
The evidence reveals that for an undetermined number of years prior to the dispute which forms the basis for this litigation the County Judge of Santa Rosa County had charged and been paid the statutory fee in each criminal case instituted in his court in which the defendant’s appearance bond had been estreated and an order of dismissal entered. The evidence further reveals that for a like period of time the State Auditor has approved payment of such fees to the County Judge. This approval by the State Auditor constitutes an administrative interpretation of the statutes under consideration and, while not binding upon the courts, is entitled to great weight.[3]
Our statute provides that county judges’ courts shall be courts of record and that the judges shall have authority to make all orders or decrees, and to issue every and all process necessary to maintain and carry out their constitutional jurisdiction; to enforce their authority, and to enter and enforce their judgments and decrees in all matters lying within their jurisdiction.[4]
In support of his decree, a memorandum opinion was filed by the chancellor in which the conclusion was expressed that the abovementioned statute is sufficiently broad to authorize a county judge to enter an order estreating a cash bond and dismissing a case. It was held that as a matter of necessity a county judge must have authority to control his docket in order that it may be cleared of inactive cases in which defendants fail to appear on the day set for trial, and whose absence from the jurisT diction or unknown addresses precludes the possibility of finally concluding the cases in the customary manner.
From a review of the record, and upon consideration of the principles of law applicable to the question here presented, we cannot say that the Chancellor erred in reaching the conclusions embodied in his memorandum opinion and effectuated in the final decree subsequently entered. The decree appealed from is accordingly affirmed.
Affirmed.
STURGIS, C. J., and THORNAL, Associate Judge, concur.

. F.S. § 36.20, F.S.A.

. F.S. § 921.01, F.S.A.

. State ex rel. Bennett v. Lee, 123 Fla. 252, 166 So. 565.

. F.S. § 36.02, F.S.A.